**Robert E. HENDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54076.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

William J. Shaw, Public Defender, Alice A. O'Keefe, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of assault in the first degree and armed criminal action. He was sentenced to twenty years for assault and fifteen years for armed criminal action, to be served consecutively for a total of thirty-five years. Those convictions were affirmed on appeal by *State v. Henderson*, 698 S.W.2d 596 (Mo.App. 1985).

Movant contends the trial court erred in denying his 27.26 motion without an evidentiary hearing on his claims of ineffective assistance of counsel. He claims his attorney was deficient in failing to object to

hearsay testimony, and/or request a mistrial, and/or request a cautionary jury instruction. Movant points to three separate instances where he claims he was prejudiced by his attorney's failure to take appropriate action. An understanding of the situation requires a short statement of the underlying facts.

On October 26, 1983, movant was an uninvited guest at a party at the home of Kenneth and Melinda Wright. While there, movant became involved in an argument with several guests and was told to leave. At that point, movant threatened to "shoot that big pistol." As movant drove away, Kenneth Wright struck movant's car with a large rock.

On October 30, 1983, movant spoke with Melinda Wright's brother and a friend of the Wrights who had attended the party. He told them to tell Kenneth Wright he owed him $300 for damage to his car and he did not want money for it. The two men conveyed this apparent threat to the Wrights.

On October 31, 1983, at approximately 9:15 p.m., six shots were fired through the Wrights' kitchen window, one of which struck and seriously injured Tiffany Wright, the Wrights' three-year-old daughter. The police recovered six spent .22 caliber cartridge shells directly outside the kitchen window. When movant was arrested, two spent .22 shells were found in the trunk of his car. A ballistics expert testified that these shells matched the six shells found outside the Wrights' kitchen window.

■ In order to be entitled to an evidentiary hearing movant had to allege facts not refuted by the record which, if true, warranted relief, and which resulted in prejudice to his defense. *Thomas v. State*, 736 S.W.2d 518, 519[1] (Mo.App.1987). In order to prevail on a claim of ineffective assistance of counsel, movant must show his counsel's performance was deficient and that deficiency prejudiced his defense. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Movant first complains his attorney was ineffective for failing to object to the following hearsay testimony elicited by the State from Melinda Wright:

Q. No one had threatened your husband?

A. The day before, on October 30th, we had got a threatening message from my brother from Robert Henderson.

A failure to object to objectionable evidence is not sufficient in and of itself to constitute ineffective assistance of counsel. *Tygart v. State*, 741 S.W.2d 830, 832[1] (Mo. App.1987); *State v. Morris*, 591 S.W.2d 165, 169[6] (Mo.App.1979). Movant must show the failure to object resulted in "a substantial deprivation of the accused's right to a fair trial." *Tygart*, 741 S.W.2d at 832[2].

■ In his 27.26 motion, movant claimed he was prejudiced by the admission because it allowed the jury to convict him "on the basis of hearsay and evidence of other crimes...." On appeal, he claims he was prejudiced because Mrs. Wright further testified "no one else besides the defendant had made any threats," thereby implying movant was the only person who would be a suspect, without direct evidence.

Even if we allowed movant to expand his allegations of prejudice on appeal beyond the conclusions stated in his motion, he still failed to plead specific facts, not refuted by the record, which show he was prejudiced by the admissions of the testimony. *See Tettamble v. State*, 641 S.W.2d 446, 447[1] (Mo.App.1982) (failure to allege facts with any degree of specificity as to prejudice justifies denial of evidentiary hearing).

The record discloses that Mrs. Wright's brother and his friend both testified about the threatening message from movant, and stated they had informed the Wrights of the threat. Mrs. Wright's testimony was merely cumulative. Thus movant's claim that there was no other evidence he made the threats was refuted by the record.

■ Movant also complains about his counsel's failure to object to the following exchange between the State and Kenneth Wright:

Q. What happened in the front yard of your home?

A. Well, we got to arguing again, and one of my friends said, you know, 'You don't have no right to really be

at this party at all and carrying on the way you are carrying on.' Then he said: 'Well, I can do anything I feel like doing.'

Q. Then what happened?

A. Then he got to saying something that 'I'll shoot that big pistol.'

Movant contends Mr. Wright's testimony as to what his friend said was objectionable as improper hearsay and further contends that he was prejudiced because Mr. Wright was thereby prompted to testify regarding the admission made by movant.

A review of the record supports the State's argument that this statement was not hearsay because it was not used to prove the truth of the matter asserted, but to supply meaning to movant's statement of "Well, I can do anything I feel like doing." In any event, this allegation of error did not warrant an evidentiary hearing because movant failed to state facts not refuted by the record sufficient to show he was prejudiced by the admission of the alleged hearsay statement. A review of the record does not support movant's contention that his own admission would not have been elicited from Mr. Wright absent admission of the hearsay statement.

JUDGMENT AFFIRMED.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.