Eugene C. KIRK, Appellant,

v.

STATE of Missouri, Respondent.

No. 56002.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Alice Anne O'Keefe, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was convicted of robbery first degree and sentenced as a persistent and dangerous offender to life in prison. Movant's direct appeal of this conviction was denied by this court in *State v. Kirk*, 636 S.W.2d 952 (Mo.App.1982). On June 22, 1988, movant filed a Rule 29.15 motion which was denied without an evidentiary hearing. He now appeals this denial on the sole ground that his trial counsel was ineffective in failing to preserve for review a *Batson* issue of improper prosecutorial use of racially based peremptory challenges.

This appeal is patently meritless for two reasons. First, post-conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the movant by denying him a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). While failure to object to improper jury selection methods could constitute ineffective assistance of counsel impinging the fairness of a criminal trial, movant does not claim that his trial counsel's inaction affected the fairness of his trial. He claims counsel's inaction affected his ability to appeal the conviction. As such, this point relied on does not state a claim cognizable under Rule 29.15.

Even if the contention of error had been properly worded to identify counsel's inaction as affecting the trial itself, movant would not be entitled to relief. His conviction became final when his direct appeal was denied in 1982, four years prior to the decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Byrd v. State*, 723 S.W.2d 37, 42 (Mo.App. 1986). As such, the *Batson* prohibition on racially motivated peremptory challenges did not retroactively apply to his trial and trial counsel could not be held ineffective for failing to pursue a contention of error that did not then exist. *Scott v. State*, 741 S.W.2d 692, 693 (Mo.App.1987).

The judgement of the motion court is affirmed.

SIMON and HAMILTON, JJ., concur.