**STATE of Missouri, Respondent,**

v.

**Paul Robert FERGUSON, Appellant.**

**Paul Robert FERGUSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57683, 59812.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Willard B. Bunch, Kansas City, Arthur S. Margulis, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions of rape and sodomy, for which Defendant was sentenced to consecutive terms of imprisonment of thirty years on each count, and from the subsequent denial of a Rule 29.15 motion. We affirm the convictions of rape and sodomy, but remand for re-sentencing. The sufficiency of the evidence to sustain the convictions is not in dispute, and therefore a brief statement of the facts will suffice.

At about 1:45 a.m. on July 9, 1987, Defendant left a nightclub in Poynor, Missouri. When the bartender headed home about 3 a.m., he saw Defendant's car upside down in a ditch on Highway 21. Victim lived nearby and was home with her children. Defendant appeared at victim's home and asked that he be taken home. Victim stated she could not leave her small children. Under threats to kill victim, Defendant raped and sodomized her. Victim thereafter went to her parents' home. She told them about the rape. Her parents drove her to the hospital, and the crime was reported to the sheriff. Defendant was arrested in Florida on April 4, 1989. At trial, Defendant testified and presented a consent defense, but did not testify that he and victim had sexual intercourse.

For his first point, Defendant asserts the trial court erred in overruling his lawyer's objection to the prosecutor's remark in opening statement that the alleged victim feared the Defendant because she knew Defendant had been convicted of murder. Defendant claims because the court overruled the objection he was thereby forced to testify in an attempt to minimize the prejudicial effect of the prosecutor's remark.

There was only a general objection to the prosecutor's reference to the prior murder at trial, and there was no objection to the opening statement in the motion for a new trial. Accordingly, the review of this claim can only be for plain error. *State v. Meads*, 786 S.W.2d 213, 215 [1, 2] (Mo.App.1990). No error requiring reversal will be found if the challenged statements in the opening argument refer to arguably admissible evidence, and the reference was made in good faith with a reasonable expectation the evidence would be produced. *State v. Burton*, 721 S.W.2d 58, 61 [4, 5] (Mo.App.1986). The prior murder was relevant to the case. The rape and sodomy were committed without the aid of a weapon. Thus it was essential for the State to show it was the victim's knowledge of the prior murder which made the threats real. In his opening statement, Defendant's lawyer stated Defendant would testify and present a consent defense. Defendant was presented with the prospect of a revolting statement of facts by victim describing rape and sodomy and he had little choice but to testify. Accordingly, there was no plain error. Rule 30.-20.

For point two, Defendant requests plain error review asserting the trial court erred in overruling his motion to quash the jury list or panel. He claims the jury selection process failed to comply with §§ 494.400–494.505, RSMo 1990, in that the jury selection was not a random selection and that there was a disproportionate number of women on the panel. We decline plain error review. Defendant offers no argument or evidence of any systematic exclusion of a distinctive class in the community.

The trial court determined there was a random drawing of the jury. Jury cards were shuffled and drawn from a hat. *See State v. Pittman*, 569 S.W.2d 277, 280–281 [5, 6] (Mo.App.1978).

■ Defendant next complains the prosecutor violated discovery rules because the State failed to disclose an alcohol-related conviction of Dr. Danganan who was originally endorsed as a State's witness. On November 5, 1989, defense counsel took the doctor's deposition. The prosecutor announced he did not know whether the State would be calling this witness at trial. Defense counsel stated the witness had information beneficial to Defendant which he planned to elicit.

On the morning of trial, the prosecutor orally deleted Dr. Danganan as a State's witness. Defense counsel called attention to the continuing duty to disclose. The court inquired as to what the prosecution had yet to disclose. The prosecution insisted they had no "evidence favorable to the defendant". Later the prosecution represented to the court that they had been referring to a rape kit report that had previously been disclosed.

At trial, Defendant called Dr. Danganan as a defense witness. He testified that when he examined the victim early that morning he found a "hickey" on her neck and a scratch on her left thigh, but no bruises or lacerations. He also testified he saw no indication of sperm in the vaginal canal. The prosecutor cross-examined the doctor about the accuracy of the tests he conducted and also about a prior probation for drinking.

Defense counsel did not object that the State failed to disclose that what he now alleges to be a prior conviction of the State's witness during trial. In fact, his only objection at trial was that the State was impeaching its own witness. Accordingly, Defendant failed to preserve this issue on appeal by failing to raise the issue until he filed his motion for new trial. *State v. Jordan*, 751 S.W.2d 68, 75 [7] (Mo.App.1988). There was no plain error by reason of lack of prejudice. Rule 30.20; *See State v. Wells*, 639 S.W.2d 563, 566 [3] (Mo. banc 1982).

■ In Defendant's fourth point relied on, he takes issue with the trial court's abuse of its discretion in refusing to admit the results of polygraph examinations Defendant had arranged to take. Evidence of polygraph examinations is inadmissible. There was no error. *State v. Biddle*, 599 S.W.2d 182, 191 [6] (Mo. banc 1980).

■ In his fifth point on appeal, Defendant argues the trial court erred in permitting the State on recross-examination, to ask a defense witness whether she was aware of threats made by Defendant. Defendant argues the question called for inadmissible hearsay which implied the existence of inflammatory facts not in evidence. At trial, Defense counsel merely objected to the question without stating the basis for that objection. In his motion for new trial, Defendant objected that there had been no evidence of threats or any offer of proof made by the State about these threats. There was nothing preserved for appellate review since the issue was raised with specificity for the first time in Defendant's Motion for New Trial. *State v. Luckett*, 770 S.W.2d 399, 404 [8] (Mo.App. 1989). In any event, the point was not well taken because defense counsel had opened the door for the prosecutor's inquiry by asking the witness on direct examination if the prosecutor's staff had intimidated her. *See State v. Jordan*, 646 S.W.2d 747, 750 [1] (Mo.App.1983).

In Defendant's sixth point he claims the overruling of his Rule 29.15 motion by the hearing court was clearly erroneous. While the original motion contained over twenty allegations, Defendant is appealing only five, none of which have merit.

The standard of review applicable in a Rule 29.15 proceeding is that the motion court's judgment will be affirmed unless clearly erroneous. Rule 29.15(j); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). To prevail a movant must show both 1) that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform un-

der similar circumstances, and 2) this failure prejudiced him. *Id.* at 635[10].

■ Defendant first claims his trial counsel was ineffective for failing to object to cross-examination of appellant concerning a prior offense. According to the cross-examination:

Q. And the murder conviction, that was in California?

A. Yes, it was.

Q. And on that you received a life sentence, did you not?

A. Yes, I did.

Q. That was basically for beating somebody to death, wasn't it?

A. No. That's not what happened.

Q. Was she beaten with hands and a cane?

■ The questioning was objectionable in that the prosecutor elicited details of a prior crime. *See State v. Phelps,* 677 S.W.2d 418, 420 (Mo.App.1984). However, a failure to object to objectionable evidence is not sufficient in and of itself to constitute ineffective assistance of counsel. Movant must show the failure to object resulted in a substantial deprivation of the accused's right to a fair trial. *Henderson v. State,* 767 S.W.2d 566, 567 [2] (Mo.App. 1988). Defendant testified about the prior crime on direct, denied the prosecutor's characterizations, and the evidence was used primarily to impeach the Defendant. Therefore, counsel's conduct did not so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Tygart v. State,* 741 S.W.2d 830, 833 [4] (Mo.App.1987).

■ Defendant next claims the court was clearly erroneous in refusing to find counsel ineffective for declining to subpoena Nurse Betty Sue Dale who saw victim at the hospital. Dale testified at the hearing. Dale remembered the victim was very upset and crying. She originally stated in her deposition that victim had claimed she had been held at knife point. She later retracted this statement claiming her memory did not really serve her on this point. At the hearing, Dale testified consistently

with her deposition testimony. Viewing Dale's indecisive testimony objectively, it would be a reasonable trial strategy not to pursue her as a witness. *Twenter,* at 637[15].

■ Defendant also contends trial counsel was ineffective for failing to introduce evidence of prior personal contact between defendant and victim. Defendant claims this evidence would have impeached the victim's credibility. Evidence of a prior relationship was presented through Defendant's own testimony and through the testimony of other witnesses. The failure to present additional impeachment testimony did not constitute ineffective assistance of counsel. *Twenter* at 643[24].

In his final two claims of ineffective assistance of counsel Defendant asserts counsel was ineffective due to his conduct of allegedly consuming alcoholic beverages and of having a romantic liaison with a defense witness before and during trial.

At the hearing, the witness could not remember when the affair occurred. There was conflicting testimony about whether counsel had been drinking alcoholic beverages during trial. The finding of no ineffective assistance of counsel under these circumstances is not clearly erroneous in that the court is free to determine the credibility of the witnesses and the hearing court specifically found the testimony relied on by defendant was not credible. *See Shaw v. State,* 766 S.W.2d 676, 680 [1] (Mo.App.1989).

■ There is merit to Defendant's contention in point seven that the court may have erred when it imposed on the Defendant two consecutive thirty-year sentences for the convictions of rape and sodomy in that the sentences may have been based on the prosecutor's representation the Defendant was subject to mandatory consecutive sentencing requirements of § 558.026 (RSMo 1986).

At the time of the Defendant's sentencing, the court specifically inquired about the applicable sentencing statute. To this inquiry the prosecutor responded the sentences for rape and sodomy must run consecutively with each other in compliance

with the statute, and "three or four cases under 558.026, which specifically say that in a two-count charge of rape and sodomy, sentences must be consecutive." Without comment in this regard, the trial court ordered the sentences to run consecutively. The Missouri Supreme Court ruled otherwise in *Williams v. State,* 800 S.W.2d 739 (Mo.1990). For the reason the prosecutor informed the court it had no choice but to impose consecutive sentences, and the court did impose consecutive sentences, the case is remanded to determine whether or not the trial court would have entered consecutive sentences had it not been compelled to do so.

Judgments on the convictions of rape and sodomy are affirmed. The matter is remanded for the trial court to determine whether or not it imposed consecutive sentences because it believed it was mandated to do so.

CARL R. GAERTNER, C.J., and SIMON, J., concur.