**Dennis OLDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 63989.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 29, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 3, 1995.

Application to Transfer Denied
Feb. 21, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

WHITE, Judge.

Defendant appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm in part, reverse in part and remand for resentencing.

A jury convicted defendant of: (1) four counts of forcible rape; (2) two counts of felonious restraint; (3) one count of kidnapping; (4) two counts of armed criminal action; (5) one count of sodomy; (6) one count of second degree assault; and (7) one count of stealing over $150.00. The crimes at issue involved four victims. The trial court sentenced defendant, as a prior and persistent offender, to seventy-five years for each of the rape and armed criminal action counts, ten years for each kidnapping and sodomy count and seven years for each of the second degree assault, stealing and felonious restraint counts. The trial court ordered the sentences to run consecutively. Defendant filed a Rule 29.15 motion and a subsequent amended motion. After an evidentiary hearing, the court denied defendant's motion and a consolidated appeal followed.

This court affirmed the judgment entered on these convictions. *State v. Olds*, 831 S.W.2d 713 (Mo.App.E.D.1992). During this appeal, defendant argued the motion court erred in refusing to issue findings and conclusions regarding the claims raised in his verified motion. *Id.* at 722. We agreed and remanded with instructions to the motion court to enter findings of fact and conclusions of law on all issues provided in defendant's amended motion. *Id.* The court subsequently issued findings and conclusions, denying defendant's motion. Defendant appeals the denial of his motion and raises nine points in the present appeal.

■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). A motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression a mistake has been made. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

■ In his first point, defendant argues his trial counsel rendered ineffective assistance by failing to state the proper grounds for an objection to a police detective's testimony regarding three of the victims' lineup identifications. To establish ineffective assistance of counsel, defendant must demonstrate his trial counsel's performance was deficient and this deficient performance prejudiced the defense. *Ervin*, 835 S.W.2d at 929. Defendant must overcome the underlying presumption the challenged action might be considered sound trial strategy. *Id.* A reasonable choice of trial strategy by counsel is not a basis for finding counsel ineffective. *Id.* at 930. To demonstrate prejudice, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). A reviewing court need not determine whether counsel's performance was deficient before examining for prejudice and, if easier, may dispose of an ineffective assistance claim for lack of sufficient prejudice. *Ervin*, 835 S.W.2d at 929.

■ During trial, a police detective testified regarding the pretrial identifications of defendant by three of the victims. Defendant's counsel objected on the grounds of hearsay and subject to a motion to suppress. The trial court overruled the objections. Defendant contends the detective's testimony improperly bolstered the victims' testimony and his counsel's failure to object on these grounds constituted ineffective assistance.

■ A police officer may testify, without improperly bolstering witness testimony, about an identification made by a witness if the officer viewed the identification procedure. *State v. Claypool*, 763 S.W.2d 313, 315 (Mo.App.E.D.1988). In *Claypool*, defendant argued the trial court erred by permitting a police detective to testify regarding photo identifications of defendant by two eyewitnesses. *Id.* at 314. Defendant contended the detective's testimony improperly bolstered the identification testimony. *Id.* Both eyewitnesses testified before the detective and the defendant had the opportunity to cross-examine the detective and eyewitnesses. *Id.* at 315. This court held the detective was competent to testify regarding the identifications and his testimony did not improperly bolster the testimony of the eyewitnesses. *Id.*

As in *Claypool*, the detective in the present case witnessed the identifications of defendant made by the victims. Defendant had the opportunity to cross-examine the victims and the police detective. The detective's testimony did not improperly bolster the victim's identification testimony.

■ In addition, even assuming defendant's counsel failed to make the proper objection, a failure to object to objectionable evidence is not sufficient in and of itself to constitute ineffective assistance of counsel. *State v. Ferguson*, 822 S.W.2d 466, 470 (Mo.App.E.D.1991). Defendant must show the failure to object resulted in a substantial deprivation of his right to a fair trial. *Id.* The motion court found defendant did not demonstrate his counsel's failure to object, on the grounds of bolstering, deprived him of a fair trial. This finding is not clearly erroneous and defendant's first point is denied.

■ Defendant argues in his second point his trial counsel rendered ineffective assistance by failing to object at trial to the victims' identification of defendant which had been subject to a motion to suppress. The trial court held a pretrial hearing and denied defendant's motion to suppress. Defendant's counsel failed to object to certain testimony of the three victims regarding identification of defendant.

■ The motion court found the victims' testimony regarding identifications was not

objectionable and, therefore, any objection by defendant's counsel would have been overruled. To prevail on his claim the victims' testimony was objectionable, defendant must first demonstrate the investigative procedures employed by the police were impermissibly suggestive and then the suggestive procedures made the identification at trial unreliable. *State v. Vinson,* 800 S.W.2d 444, 446 (Mo. banc 1990). Defendant "must clear the suggestiveness hurdle before procuring a reliability review." *Id.*

Defendant contends the pretrial identifications were unduly suggestive because he appeared in the photo and subsequent live lineup and he was the only person who appeared in both lineups. He also complains three of the victims were gathered at the police station at the same time to view the live lineup. The fact, if true, defendant was the only person appearing in the photo lineup and subsequent live lineup does not demonstrate the police procedures were unduly suggestive. *State v. Garrett,* 825 S.W.2d 954, 958 (Mo.App.E.D.1992). Although the victims were at the station at the same time, they each viewed the lineups separately and were instructed not to speak to each other. Defendant fails to demonstrate how the presence of the victims at the station at the same time was in and of itself unduly suggestive. *State v. Morant,* 758 S.W.2d 110, 117 (Mo.App.E.D.1988).

The victims' testimony regarding identification was not objectionable and counsel cannot be faulted for failing to make a meritless objection. *State v. Roberts,* 838 S.W.2d 126, 134–35 (Mo.App.E.D.1992). Accordingly, defendant's counsel did not render ineffective assistance. *Id.*

Defendant also claims his counsel's failure to state the proper grounds for the objection denied him the proper standard of review on appeal. According to defendant, counsel's alleged ineffectiveness limited the standard of review to plain error. Review of ineffective assistance of counsel claims are limited, however, to consideration of alleged errors which denied defendant a fair trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Where the claim of prejudice is based solely on a defendant's ability to appeal, this claim

is not cognizable under Rule 29.15. *State v. Baker,* 850 S.W.2d 944, 950 (Mo.App.E.D. 1993); *Kirk v. State,* 778 S.W.2d 661, 662 (Mo.App.E.D.1989). Defendant's second point is denied.

In his third point, defendant argues his counsel rendered ineffective assistance by failing to challenge for cause or peremptorily remove two jurors. Defendant contends the two jurors indicated they would be unable to keep the evidence separate because of the number of charges against defendant. The first juror stated it was "going to be kind of hard to keep your mind on all these charges." This juror subsequently repeated his apprehension regarding the number of charges.

The facts of the present case are similar to those found in *State v. Vivone,* 857 S.W.2d 489 (Mo.App.S.D.1993). In *Vivone,* defendant argued his counsel rendered ineffective assistance by failing to challenge for cause or peremptorily strike a juror. Defendant contended the juror indicated she could not follow the court's instruction regarding guilt or innocence by reason of mental disease or defect. *Id.* at 496. During the evidentiary hearing, defendant's trial counsel testified he accepted the juror because he wanted jurors whom he felt were educated, articulate and thinkers. *Id.* at 496–97. Counsel also mentioned the importance of the " 'feel' " he gets by observing potential jurors. *Id.* at 497.

The court stated jury selection is an area which "does not readily lend itself to successful claims of ineffective assistance of counsel." *Id.* The court also held jury selection is one of the areas of trial advocacy which necessarily relies on the intuition of trial counsel. *Id.* The court ultimately ruled counsel's actions did not deviate from the customary skill or diligence of a reasonably competent attorney. *Id.*

In the present case, defendant's trial counsel testified during the evidentiary hearing she wanted jurors who were articulate and intelligent. Counsel also testified she would have struck any juror who she thought could not give defendant a fair trial and her decision depended on how she viewed the particular persons as jurors. The motion court found a review of the transcript revealed

counsel did make motions to strike some of the jurors and her decision not to make motions as to the other venire members was the result of trial strategy. The motion court also found counsel's testimony "made it clear that her decisions regarding jurors were the result of trial strategy." The motion court's finding is not clearly erroneous.

The analysis regarding the first juror is applicable to the second juror. In addition, the transcript reflects the primary difficulty with this juror was his confusion regarding whether the jury had to either convict or acquit defendant on all charges. After this juror expressed his confusion, the trial court immediately explained to the jury, in detail, it was not a case of whether defendant was guilty or not guilty of all charges but rather it was a decision of guilt or innocence on each charge. The motion court found the trial court cured any misunderstanding on the part of this juror. This finding is not clearly erroneous. Defendant's third point is denied.

■ Defendant argues in his fourth point his counsel rendered ineffective assistance by failing to object to certain statements made by the prosecutor during closing argument. Defendant contends the prosecutor's closing argument inferred he had personal knowledge of defendant's guilt and improperly inflamed the juror's passions. Defendant complains about certain portions of the following argument by the prosecutor:

Mr. Draper (prosecutor): This man is guilty seventeen counts worth and he's so guilty, you know, for this case, I'm going to tell you the truth, my closing argument was so hard to write because there's so much but there's so little. He's just so guilty. I mean what are you going to say? What can you really argue here? The only thing—you know, the only thing here that's—the only thing that is really clear here is that this man is really, really sick. And it's a shame we can't sentence him to a hospital, okay, where he could get some serious psychiatric help. But they've got psychiatrists in Jefferson City. And in order to protect yourselves, we have to remove from our community the people who will not let us enjoy our freedom.

That person in this case is Dennis Olds, and there is no reasonable doubt about that. There is no reasonable doubt ladies and gentlemen. The law would not let us have all these charges here at one time if there were not the similarities.

■ Failure to object to a prosecutor's closing argument is more likely a matter of trial strategy rather than error. *State v. Boyd*, 844 S.W.2d 524, 529 (Mo.App.E.D. 1992). A mere failure to object to objectionable closing argument does not constitute ineffective assistance of counsel. *State v. McRoberts*, 837 S.W.2d 15, 23 (Mo.App.E.D. 1992). The failure to object to closing argument constitutes ineffective assistance only when the comment was of such a character it resulted in a substantial deprivation of defendant's right to a fair trial. *Id.*

The first portion of the prosecutor's argument which is at issue merely reflects his belief defendant was guilty of all charges. The prosecutor's comments are similar to those found in *State v. Shurn*, 866 S.W.2d 447 (Mo. banc 1993). In *Shurn*, the prosecutor stated during closing argument " '[y]ou could be a juror on a hundred cases and I could try a thousand cases and you would be hard pressed after you see a set of facts where guilt is more obvious on their face.' " *Id.* at 460. The court ruled statements such as these have been consistently held not to constitute reversible error. *Id.* The court subsequently held defendant's trial counsel's failure to object to the above quoted argument did not constitute ineffective assistance of counsel. *Id.* at 472. As in *Shurn*, trial counsel in the present case was not ineffective by failing to object to the prosecutor's statements he was convinced of defendant's guilt.

■ The prosecutor then refers to defendant as "really sick" and suggests defendant should receive psychiatric help. The prosecutor apparently was conveying his belief defendant was "sick" for committing the charged crimes. The court in *Shurn* also addressed the issue of counsel's failure to object to the prosecutor's reference to defendant as " 'scum' " during closing argument. *Id.* The court held counsel should have ob-

jected but the failure to object did not prejudice defendant. *Id.* Although remarks such as these should not be encouraged, defendant in the present case fails to demonstrate the result of the proceeding would have been different. The prosecutor also stated "[a]nd in order to protect yourselves, we have to remove from our community the people who will not let us enjoy our freedom. That person in this case is Dennis Olds, and there is no reasonable doubt about that." The State is permitted to argue regarding the prevalence of crime in a community, the personal safety of its inhabitants and conviction of defendant is part of the jury's duty to prevent crime. *State v. Debler,* 856 S.W.2d 641, 651 (Mo. banc 1993). Even assuming the prosecutor's argument went beyond what is permitted, the motion court found defendant was not prejudiced by the prosecutor's argument. This finding is not clearly erroneous and defendant's fourth point is denied.

■ In his fifth point, defendant argues the motion court clearly erred in denying his challenge to the trial court's denial of funds for DNA analysis. During his first appeal, defendant argued the motion court erred by failing to issue findings of fact and conclusions of law on two of his *pro se* claims. *Olds,* 831 S.W.2d at 722. Defendant contended in one of these claims the trial court erred in denying his request for DNA analysis. *Id.* We held claims of trial court error are not cognizable in a Rule 29.15 motion except when required by fundamental fairness and then only in rare and exceptional circumstances. *Id.* Because defendant failed to show exceptional circumstances existed, we held the motion court did not err by failing to issue findings and conclusions on either of defendant's *pro se* claims. *Id.* In the present appeal, defendant raises no argument which justifies a different holding on this issue. Defendant's fifth point is denied.

■ Defendant argues in his sixth point the motion court clearly erred in upholding the seventy-five year sentences for the four rape convictions. Defendant contends the sentences exceed the statutory maximum permitted for a person convicted as a prior and persistent offender for the unclassified felony of rape. We agree.

The Western District has considered this issue. *State v. Davis,* 867 S.W.2d 539 (Mo. App.W.D.1993). In *Davis,* defendant argued his sentences of 300 years for each of his convictions for the unclassified felony of rape exceeded the statutory range of punishment. *Id.* at 542–43. Defendant contended the legislature's amending of part of the sentencing provision of § 566.030 justified his resentencing pursuant to the amended provision. *Id.* at 542. The court rendered the following analysis. The legislature created the unclassified felony of forcible rape and also created a class A felony of forcible rape which is forcible rape involving a weapon, serious physical injury or sexual assault on more than one person. *Id.* "Prior to August 28, 1993, the authorized penalty for the unclassified felony of rape 'was life imprisonment or a term of years not less than five years....' Section 566.030.2, RSMo 1992. The penalty for the class A felony of rape is 'a term of years not less than ten years and not to exceed thirty years, or life imprisonment.' *See* §§ 566.030.2, 558.011.1(1), RSMo Supp. 1992." *Id.* Defendant argued the legislature intended class A forcible rape to be subject to greater punishment than unclassified rape and, therefore, the term of years provision in § 566.030 should be construed as meaning a term of years not less than five years and not more than thirty years. *Id.*

■ The court asserted the Missouri Legislature amended the penalty for the unclassified felony of rape under § 566.030. The amendment which became effective August 28, 1993 provides the punishment for unclassified rape as life imprisonment or a term of years not less than five years and not greater than thirty years. *Id.* According to the court, the amendment addressed the logical discrepancy suggested by defendant. *Id.* The court then cited § 1.160, RSMo Supp. 1993 which only permits relief from a statute reducing a penalty if the statute's effective date is "prior to the original sentencing of the defendant." *Id.* The court held the amendment of § 566.030 was not applicable to defendant because he had been sentenced prior to the effective date of the amendment. *Id.* Likewise, in the present case defendant was sentenced prior to the effective date of

the amendment and he is, therefore, not entitled to relief based on the amendment.

The court in *Davis*, however, held the fact defendant was sentenced as a persistent offender necessitated the granting of relief. *Id.* at 542. The court rendered the following analysis regarding the relevant statutes.

Paragraph 7 of § 558.016 sets forth the maximum terms of imprisonment for a persistent offender under each felony classification (i.e., class A, class B, class C and class D). Defendant was convicted for the *unclassified* felony of rape pursuant to § 566.030. Thus, at first glance, § 558.016.7 appears inapplicable to defendant's sentencing. However, § 557.021.3 specifically applies to the extended term provisions of § 558.016 and classifies every felony and misdemeanor offense not already classified by statute as class A, class B, class C or class D, based upon the authorized punishment for the underlying offense. Defendant was convicted for the unclassified felony of rape, now carrying a penalty of not less than five years and not more than thirty years, or life imprisonment. Section 557.021.3(1)(a) states that if the charged offense is a felony, then '[i]t is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more.' Two cases decided by this court expressly provide that the unclassified felony of rape set forth in § 566.030.2 is classified as a class A felony for sentencing enhancement purposes. *See Weeks v. State*, 785 S.W.2d 331, 332 (Mo.App.1990); *Wescott v. State*, 731 S.W.2d 326, 331 n. 6 (Mo.App.1987). Thus, for the purpose of sentencing defendant as a persistent offender, the unclassified felony rape conviction constitutes a 'class A' felony under § 557.021.3(1)(a).

*Id.* at 543.

The court then cited § 558.016.7 which sets forth the "total authorized maximum terms of imprisonment for a persistent offender" and provides the total authorized maximum term of imprisonment for a class A felony is "any sentence authorized for a class A felony." *Id.* Section 558.011.1(1) provides the authorized term of imprisonment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment." The court held the maximum sentence defendant could receive for the unclassified offense was life imprisonment and § 558.019.4(4)[1] provides, for purposes of calculating the minimum sentence to be served, a life sentence equals fifty years. The court ultimately ruled the trial court erred in sentencing defendant to 900 years for his three rape convictions and remanded for resentencing. *Id.*

In the first appeal, this court held defendant's seventy-five year sentences were within the statutory limits of § 566.030. *Olds*, 831 S.W.2d at 721–22. Since this opinion, the legislature has amended the sentencing provision of § 566.030. Although not a basis of relief for defendant, the legislature's amendment addressed a discrepancy which existed between the sentencing provisions for the unclassified felony and class A felony of rape. *Davis*, 867 S.W.2d at 542. The Western District decided *Davis* after this court rendered its opinion for defendant's first appeal.

The analysis in *Davis* is applicable in the present case. Defendant was convicted, pursuant to § 566.030, of four counts of the unclassified offense of rape. He was sentenced, as a prior and persistent offender, to seventy-five years for each of these four convictions. The maximum term defendant could receive for each conviction was life imprisonment which for purposes of sentencing defendant as a prior and persistent offender equals fifty years. *See State v. Williams*, 828 S.W.2d 894, 902–03 (Mo.App. E.D.1992). Under these circumstances the doctrine of the law of the case should not be applied. *Bandy v. State*, 847 S.W.2d 93, 94–5 (Mo.App.W.D.1992). The motion court's judgment regarding defendant's sentences for the rape convictions is reversed and the cause remanded with instructions defendant be resentenced in accordance with our holding on this point.

In his seventh point, defendant argues his counsel rendered ineffective assis-

494 ■

tance by failing to preserve in the motion for new trial the issue of defendant's request for a continuance prior to trial. Defendant made his motion for a continuance because of the State's late disclosure of serology evidence. As stated in point two, review of ineffective assistance claims are limited to consideration of alleged errors which deny defendant a fair trial and a claim counsel's inaction affected defendant's ability to appeal a conviction is not cognizable under Rule 29.15. *Baker,* 850 S.W.2d at 950; *Kirk,* 778 S.W.2d at 662.

Defendant also fails in this point to demonstrate any prejudice from the trial court's refusal to grant a continuance. Defendant's trial counsel testified at the evidentiary hearing she was prepared for trial and not surprised by any of the serological evidence. Counsel also testified "[t]he blood stuff didn't hurt us or was wide enough of a sample that it didn't matter." In addition, we recognized in defendant's first appeal the testimony regarding the serology results was "less than conclusive." *Olds,* 831 S.W.2d at 720. Defendant fails to demonstrate the result of the proceeding would have been different and his seventh point is denied.

Defendant argues in his eighth point his trial counsel rendered ineffective assistance by failing to include in the motion for new trial the issue of the trial court's refusal to order funds for DNA analysis. Defendant contends in this point he was prejudiced because the issue was not properly preserved for appellate review.

As previously stated, review of ineffective assistance of counsel claims are limited to consideration of alleged errors which denied defendant a fair trial and a claim counsel's inaction affected defendant's ability to appeal a conviction is not cognizable under Rule 29.15. *Baker,* 850 S.W.2d at 950; *Kirk,* 778 S.W.2d at 662. We held in point five defendant's claim of trial court error regarding funds for DNA analysis was not cognizable under his Rule 29.15 motion. Accordingly, any claim of prejudice regarding how the denial of funds affected defendant's right to a fair trial has been addressed. Defendant's claim his trial counsel's failure to include this issue in the motion for new trial adversely affected his ability to appeal is not cognizable

under Rule 29.15. *Id.* Defendant's eighth point is denied.

Defendant argues in his final point the motion court erred in refusing to permit him to express his dissatisfaction regarding certain actions, or lack thereof, rendered by his post-conviction counsel. Defendant contends his post-conviction counsel was ineffective by failing to present evidence to the motion court regarding DNA analysis and the serological evidence presented at trial. Allegations of ineffective assistance by post-conviction counsel are categorically unreviewable. *Ervin,* 835 S.W.2d at 928–29. Accordingly, defendant fails to demonstrate any prejudice as a result of the motion court's refusal to permit him to express his dissatisfaction with post-conviction counsel. Defendant's final point is denied.

The motion court's judgment regarding defendant's sentences for the rape convictions is reversed. The cause is remanded with instructions to resentence defendant, for the rape convictions only, in accordance with our holding under point six. In all other respects, the motion court's judgment is affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.