Robert D. CUMMINGS,
Movant-Appellant,

v.

STATE of Missouri, Respondent-
Respondent.

No. SD 34574

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: December 13, 2017

Attorney for Appellant—Scott Thompson of St. Louis, MO.

Attorneys for Respondent—Joshua D. Hawley (Attorney General) and Daniel N. McPherson of Jefferson City, MO.

Nancy Steffen Rahmeyer, P.J.

■■■ Robert D. Cummings ("Movant") appeals from the motion court's denial, after an evidentiary hearing, of his motion for post-conviction relief under Rule 29.15.[1] Movant appeals asserting that the motion court clearly erred in denying his claims that (1) appellate counsel failed to claim that testimony of a witness was cumulative and improper bolstering, (2) the motion court failed to make findings on trial counsel's alleged failure to object properly to testimony, and (3) trial counsel was ineffective for failing to request relief under the speedy trial act. The claims have no merit; the judgment is affirmed.

## Standard of Review

This Court's review of a motion court's overruling of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). A motion court's findings and conclusions

---

1. All references to rules are to Missouri Court Rules (2016), unless otherwise specified.

are "clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made." *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014).

. . . .

To establish ineffective assistance of counsel, a movant must prove "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Dorsey v. State*, 448 S.W.3d 276, 286–87 (Mo. banc 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If a movant fails to satisfy either prong of the *Strickland* test, he or she is not entitled to post-conviction relief. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997).

To satisfy the performance prong, movants "must overcome the strong presumption that counsel's conduct was reasonable and effective." *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013). This presumption is overcome when a movant identifies "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.* (internal quotation omitted).

To establish *Strickland* prejudice, "a movant must show a reasonable probability that, but for counsel's errors, the outcome would have been different." *Dorsey*, 448 S.W.3d at 287. "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation omitted).

. . . .

There is "a presumption that counsel's alleged omissions were sound trial strategy." *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005) (internal quotation omitted).

*Hoeber v. State*, 488 S.W.3d 648, 653, 655, 659 (Mo. banc 2016). In addition:

"To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." [*Mallow*, 439 S.W.3d at] 770 (internal quotation omitted). "There is no duty to raise every possible issue asserted in the motion for new trial on appeal, and no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments." *Storey v. State*, 175 S.W.3d 116, 148 (Mo. banc 2005) (internal quotation omitted).

*Tisius v. State*, 519 S.W.3d 413, 431-32 (Mo. banc 2017). Further, appellate counsel cannot be ineffective for failing to raise on appeal an issue that would not have been meritorious. *Id.* at 432.

### Appellate Counsel

 Although difficult to interpret, Movant's first point appears to be that appellate counsel was ineffective because counsel failed to claim on direct appeal that a detective's testimony about the speed with which three witnesses identified Movant in a photo lineup and the certainty of these witnesses in their identifications was "cumulative and improper bolstering."[2] Three witnesses identified Movant in a photo line-up. Following their testimony, a detective testified that each of the identifications took less than ten seconds and that the identifier did not ex-

**2.** There is no need in this appeal to set forth a full discussion of the facts. For further back-

ground, *see State v. Cummings*, 400 S.W.3d 495 (Mo.App. S.D. 2013).

press any uncertainty. Trial counsel objected that the testimony was cumulative and also, for two of the identifiers, that it was "improper bolstering." In its judgment, the motion court denied Movant's claim that appellate counsel was ineffective in choosing not to raise the issue because (1) that claim would not have been meritorious," and (2) that Movant "cannot and did not show any evidence that an appellate reversal would have been reasonably likely to occur by the raising of a non-meritorious issue."

 Appellate counsel was not ineffective because this type of testimony from an individual who observed the identification process long has been admissible where the individual and the person who made the identification both testify and are subject to cross examination.

A police officer may testify, without improperly bolstering witness testimony, about an identification made by a witness if the officer viewed the identification procedure. *State v. Claypool*, 763 S.W.2d 313, 315 (Mo.App.E.D. 1988). In *Claypool*, defendant argued the trial court erred by permitting a police detective to testify regarding photo identifications of defendant by two eyewitnesses. *Id.* at 314. Defendant contended the detective's testimony improperly bolstered the identification testimony. *Id.* Both eyewitnesses testified before the detective and the defendant had the opportunity to cross-examine the detective and eyewitnesses. *Id.* at 315. This court held the detective was competent to testify regarding the identifications and his testimony did not improperly bolster the testimony of the eyewitnesses. *Id.*

As in *Claypool*, the detective in the present case witnessed the identifications of defendant made by the victims. Defendant had the opportunity to cross-examine the victims and the police de-

tective. The detective's testimony did not improperly bolster the victim's identification testimony.

*Olds v. State*, 891 S.W.2d 486, 489 (Mo. App. E.D. 1994); *see also State v. Kidd*, 990 S.W.2d 175, 180 (Mo.App. W.D. 1999) (similar statement of the rule).

 Testimony subject to this rule may be excluded if is "unduly cumulative." *Kidd*, 990 S.W.2d at 180.

"Evidence is said to be cumulative when it relates to a matter so 'fully and properly proved by other testimony' as to take it out of the area of serious dispute." *State v. McCauley*, 831 S.W.2d 741, 743 (Mo.App.1992) (quoting *State v. Weatherspoon*, 728 S.W.2d 267, 273 (Mo. App.1987)). The control of cumulative evidence is committed to the discretion of the trial court. *State v. Wade*, 926 S.W.2d 43, 45 (Mo.App.1996). We defer to the trial court in the absence of an abuse of discretion. *Id.* Additionally, "evidence is not to be rejected as cumulative when it goes to the very root of the matter in controversy or relates to the main issue, the decision of which turns on the weight of the evidence." *State v. Perry*, 879 S.W.2d 609, 613 (Mo.App. 1994). "The state, especially in view of its heavy burden, should not be unduly limited in the amount of evidence it adduces, even if cumulative." *State v. Welty*, 729 S.W.2d 594, 600 (Mo.App.1987). *Id.*; *see also Black v. State* 151 S.W.3d 49, 56-57 (Mo. banc 2004) (similar statement of the rule).

In this case, an important fact in dispute at trial was the identity of the person who shot the victims. The detective's testimony about the speed with which three witnesses identified Movant in a photo lineup and the certainty of these witnesses in their identifications directly related to the disputed identity of the shooter—one of the main issues in the case that turned on

the weight of the evidence. Appellate counsel was not ineffective for failing to raise a non-meritorious issue on appeal. Movant's first point is denied.

### Motion Court Failure to Make Explicit Findings

Movant asserts, in a separate second point, that the motion court "made no specific findings as [to] trial counsels' alleged deficiencies [in failing to object properly to Detective Crum's testimony about three witnesses' out-of-court identifications in a photo lineup]," and "remand is at least required for findings." We disagree.

Rule 29.15(j) provides, in part, that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." There is no ambiguity in this directive and its requirements are not a mere formality. *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App. E.D. 1999). The motion court is not required to issue itemized findings and conclusions. *Id.* However, the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* This court will not supply findings of fact and conclusions of law by implication from the court's ruling. *Id.*

Although Rule 29.15 requires findings and conclusions for all issues presented, not every failure to enter a finding or conclusion for an issue requires reversal and remand. *Bowens v. State*, 18 S.W.3d 118, 120 (Mo.App. E.D. 2000); *Crews*, at 567–68. In *Crews*, this court set forth the following five exceptions to the Rule

29.15(j) requirement for findings and conclusions:

. . . .

(2) ˙an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand;

. . . .

*White v. State*, 57 S.W.3d 341, 343 (Mo. App. E.D. 2001); *see also* **Green v. State**, 494 S.W.3d 525, 529 n.3 (Mo. banc 2016) (*superseded by rule on another ground*) (stating "[t]here are a number of exceptions to this requirement of Rule 29.15(j)[,]" and citing *White*).

In this case, the motion court specifically concluded "Appellate Counsel was not ineffective in choosing not to raise the issue [of the detective's testimony regarding the photo line-ups on appeal] because that claim would not have been meritorious." Although the motion court did not specifically apply this conclusion to trial counsel's alleged deficiency in failing to object to this testimony properly, we believe the motion court intended this conclusion to resolve Movant's objection to both appellate and trial counsel's alleged deficiencies with respect to the detective's testimony.[3] In addition, as discussed in our consideration of Movant's first point, the testimony was admissible and any objection to that testimony at trial would not have been meritorious. A remand for the entry of a proper conclusion of law as to trial counsel is unnecessary because the issue is an isolated issue, and it is clear Movant "is

---

**3.** Movant appears to share our belief. In his brief, Movant states:

> In dismissing Appellant's complaint about appellate counsel, the court concluded the issue (of Detective Crum's testimony) lacked merit regardless its state of preserva-

tion. Presumably, since the court believed the issue lacked merit to appeal, it likewise believed counsels' objections lacked merit. Indeed, the court did deny Appellant's claim 8-9(a)(3) but did not address the specific complaint about trial counsel.

entitled to no relief as a matter of law and will suffer no prejudice by denying a remand." [4]

Movant's second point is denied.

## Speedy Trial

 In Movant's third point, he appears to argue that trial counsel was constitutionally ineffective in failing to request that the charges against him be dismissed because the delay between his arrest and trial violated his right to a speedy trial. Again, we disagree. On direct appeal, an appellate court defers to the trial court's factual findings and credibility determinations, but reviews *de novo* whether a defendant's constitutional right to a speedy trial was violated. *State v. Sisco*, 458 S.W.3d 304, 312-13 (Mo. banc 2015). Further:

> The right to a speedy trial is provided by the Sixth Amendment of the United States Constitution and article I, section 18(a) of the Missouri Constitution. [*State v.*] *Taylor*, 298 S.W.3d [482,] 504 [ (Mo. banc 2009) ]. The federal and Missouri constitutions "provide equivalent protection for a defendant's right to a speedy trial." *Id.* Determining whether a defendant's right to a speedy trial has been violated requires a balancing of four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the preju-

dice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010). The existence of any one of these factors is neither necessary nor sufficient to finding a deprivation of the right to a speedy trial. *Barker*, 407 U.S. at 533, 92 S.Ct. 2182. Rather, "courts must ... engage in a difficult and sensitive balancing process." *Id.*

### *Length of Delay*

The first factor serves two functions. *Doggett v. United States*, 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). First, the length of the delay is a triggering mechanism because, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors." *Barker*, 407 U.S. at 530, 92 S.Ct. 2182. Missouri courts have found a delay of greater than eight months is "presumptively prejudicial." *McKee* [*v. Riley* ], 240 S.W.3d [720,] 729 [ (Mo. banc 2007) ]. If a delay was for a period of time that is presumptively prejudicial, courts then consider "the extent to which the delay stretches beyond the bare minimum needed to trigger juridical examination." *Doggett*, 505 U.S. at 652, 112 S.Ct. 2686.

---

4. We also note that Movant did not preserve this point for our review because he did not raise his challenge to the form or language of the motion court's judgment in a motion to amend the judgment. Rule 78.07(c) ("In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review."); *Green*, 494 S.W.3d at 529-30 (drawing a distinction between an error in the "form or language" of a judgment on an adjudicated claim that is subject to Rule

78.07(c), and a judgment that fails to adjudicate a claim that is subject to Rule 74.01(b)). In this case, unlike in *Green*, the motion court's judgment stated in two places that the motion court was denying Movant's amended motion, and concluded by stating "WHEREFORE, the Court overrules Movant's Amended Motion ... and Movant's claims are DENIED." Based on this language, we believe the motion court's judgment adjudicated all Movant's claims in his amended motion, and any error in the judgment's form or language was subject to Rule 78.07(c).

The delay in bringing a defendant to trial is measured from the time of a formal indictment or information or when actual restraints are imposed by an arrest. *Garcia*, 316 S.W.3d at 911. Mr. Sisco was arrested and charged on October 20, 2006. His trial began nearly three years later on October 5, 2009. This delay is presumptively prejudicial. Therefore, the Court must consider whether a delay extending 27 and one-half months beyond the presumptively prejudicial threshold violated Mr. Sisco's right to a speedy trial in light of the other factors.

### Reason for Delay

Different weights are assigned to the different reasons the state provides to justify the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182. The United States Supreme Court has provided guidance on how to weigh different reasons for a delay:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id.* On the other hand, "[d]elays attributable to the defendant weigh heavily against the defendant." *State v. Greenlee*, 327 S.W.3d 602, 612 (Mo.App.2010) (internal quotation omitted).

*Id.* at 313-14. Delays attributable to a defendant include any period the defendant lacked mental fitness to proceed (at least where, as in this case, Movant placed his

mental fitness to proceed in issue). *See State v. Johnson*, 579 S.W.2d 771, 775-76 (Mo.App. S.D. 1979); *State v. Smith*, 389 S.W.3d 194, 213 (Mo.App. S.D. 2012). In a footnote in *Sisco*, the Supreme Court also noted:

> The Court examines the reason for each delay separately but it does not consider each period discretely as earlier delays may affect later ones. *See Vermont v. Brillon*, 556 U.S. 81, 94, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009). The mere fact that an earlier delay may have an effect on later ones does not, however, require this Court to attribute to the state all delays subsequent to the state's first continuance. Such a rule would be contrary to the Supreme Court's flexible approach requiring consideration of all relevant circumstances. *See id.* at 89–90, 129 S.Ct. 1283.

*Sisco*, 458 S.W.3d at 314 n.11. The Supreme Court went on in *Sisco* to state:

### Assertion of Right to Trial

The third factor to be considered is whether and how the defendant asserted his right to a speedy trial. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182. There is no rigid requirement regarding when a defendant must assert his right to a speedy trial. *Id.* at 527–28, 92 S.Ct. 2182. Instead, courts will weigh the timeliness of the assertion and the frequency and force of a defendant's objections. *Id.* at 529, 92 S.Ct. 2182.

. . . .

### Prejudice to the Defendant

The final factor that must be considered is the prejudice suffered by the defendant as a result of the delay. *Garcia*, 316 S.W.3d at 912. Whether a delay prejudiced the defendant is evaluated in light of three concerns: "(1) prevention of oppressive pretrial incarceration; (2)

minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *Id.* Courts view the third consideration as the most serious. *Id.*

. . . .

"Undoubtedly, anxiety and concern exist in every criminal case, but that alone does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." [*State v.*] *Bolin*, 643 S.W.2d [806,] 815 [(Mo. banc 1983)] (internal quotations omitted).

. . . .

Determining a delay is long enough to trigger consideration of other factors does not negate the need for this Court to consider actual prejudice.

*Id.* at 316, 317-18.

The following dates are significant:

- Movant was charged by complaint on March 17, 2005, with two counts of felony assault and two related counts of armed criminal action, and was arrested on these charges on or before May 10, 2005, and held without bond.

- Movant was bound over June 22, 2005. A felony information was filed six days later, and Movant was arraigned thereon July 18, 2005.

- It appears the case was first set for trial on September 30, 2005, although this setting actually may have been for a pretrial conference only.

- From on or shortly after July 18, 2005, until on or shortly before September 14, 2005, Movant declined to apply for a public defender though expressing that he desired to be represented by an attorney.

- On September 28, 2005, trial was set for April 17, 2006—the docket sheet does not show an objection by Movant to this trial setting.

- Before the trial could occur, Movant, on March 1, 2006, filed a motion for a psychiatric examination to determine his competency to proceed.

- The motion was granted on March 20, 2006.

- Movant subsequently was examined, and, on May 19, 2006, was ordered to be committed to the Department of Mental Health.

- Movant actually was transported to the Department of Mental Health on or about June 14, 2006.

- Movant remained in the custody of the Department of Mental Health until he was found competent to proceed on July 19, 2011.[5] That same day, the trial court set the case for trial on January 3, 2012.

- On December 19, 2011, the trial court, on its own motion and over Movant's objection, continued the trial for twenty days to January 23, 2012.

- On January 18, 2012, the State requested a continuance of the trial, and the trial court granted the request over Movant's objection—continuing the trial for fourteen days to February 6, 2012.

- On January 27, 2012, the State again requested a continuance of the trial, and the trial court granted the re-

---

5. Based on Movant's testimony at the hearing on Movant's amended motion for post-conviction relief, he requested a "swift and speedy trial" at the hearing when he was found competent to proceed. Based on the transcript of the competency hearing, Movant stated he "want[ed] a trial as fast as I can get a trial," and replied "okay" to the trial court's statement that trial would be set for January 3, 2012.

quest over Movant's objection—continuing the trial for twenty-eight days to March 5, 2012 (2012 was a leap year) and making the case the number one setting on that trial docket.[6]

- Movant's trial began on March 5, 2012 with the consideration of pretrial matters and the selection of a jury (the jury was sworn and the State began presenting evidence the following day—the jury returned its verdicts of guilty in the evening on March 7).

In this case, the period between Movant's arrest in May 2005, and the beginning of his trial in early March 2012, approached seven years. As a result, the delay in bringing Movant to trial was presumptively prejudicial and we must weigh whether the other factors establish a violation of Movant's constitutional right to a speedy trial. Additionally, the motion court found that because of the fullness of the December 2011 trial docket, the trial court reset the trial date from December 2011 to January 2012 on its own motion. The State subsequently requested "two continuances in order to locate witnesses, which resulted in a delay" from January 2012, until Movant's trial commenced on March 5, 2012. The judgment further stated: "Movant offer[ed] no evidence or information on how he was prejudiced by any delay, or what would have been different about the trial or its outcome had the case been tried earlier," and that "[a]ny claim of prejudice [from the delay] is merely speculative[.]" Any assertion of a speedy trial right would not have been meritorious and would have been denied, therefore, Movant's trial counsel were not ineffective for allegedly failing to assert Movant's right to a speedy trial.

The length of the delay largely was attributable to Movant and weighs heavily against Movant. The delays attributable to Movant were (1) approximately two months from July to September 2005, when Movant declined to apply for a public defender though expressing a desire to be represented by an attorney, and (2) approximately five years and four months, from March 2006 to July 2011, while Movant's competency to proceed was evaluated, treated and restored. That leaves roughly one year and five months, and the only portion of that time that possibly should weigh against the State was a total of sixty-two days attributable to three continuances over Movant's objection immediately preceding the beginning of Movant's trial in March 2012. Even then, that time should at most weigh only slightly against the State because the delays were for neutral reasons (court scheduling and finding witnesses after a 64-month delay attributable to Movant).[7] Further, (1) the delay in trial did not result in Movant serving more time in jail than his aggregate sentence,[8] (2) Movant did not show that the delay weighed particularly heavily on him in specific instances, and (3) Movant did not show that the delay impaired his defense.

In these circumstances, balancing the four, speedy trial factors establishes that the motion court did not clearly err in

---

6. Based on the testimony of one of Movant's trial counsel at the hearing on Movant's amended motion for post-conviction relief, the State may have requested one of these continuances because an "essential witness" was missing; a witness that ultimately did not testify at trial.

7. One of the State's continuances may have been requested to allow the State to attempt to secure the presence of a material witness. If so that would have been a valid reason that justified that particular delay.

8. Movant was sentenced to an aggregate term of imprisonment of forty years.

concluding that trial counsel were not "ineffective for allegedly failing to assert Movant's right to a speedy trial" because "any assertion of a speedy trial right would not have been meritorious and would have been denied." Movant's third point is denied.

The motion court's judgment is affirmed.

Daniel E. Scott, J.—Concurs

William W. Francis, Jr., J.—Concurs