STATE of Missouri, Plaintiff/Respondent,

v.

Kevin GREENLEE, Defendant/Appellant.

Kevin GREENLEE, Defendant/Appellant,

v.

STATE of Missouri, Plaintiff/Respondent.

Nos. 68714, 70619.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 8, 1997.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Asst. Attorney General, Jefferson City, for plaintiff/respondent.

GERALD M. SMITH, Judge.

Defendant, Kevin Greenlee, appeals from a judgment following his conviction by a jury of sodomy, § 566.060.3 RSMo 1993.[1] Defendant was sentenced as a prior and persistent offender by the court to imprisonment for 20 years. He also appeals from denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm.

In June 1994, the victim B.H. was four years old. On June 11, her mother saw a man hanging around her residence. She saw the man three or four times before 11:00 a.m. on that day. She had never seen him before and did not believe he was from the area. Around 11:20 she found the man, whom she identified as defendant, sitting with B.H., her son and a neighbor child. When she confronted defendant he said he was looking for someone named "Brian". He walked away after being advised that no one by that name lived there.

A next door neighbor testified that after she returned from work about 5:00 p.m. she saw defendant hanging around their residences four times between 5:30 p.m. and 7:00 p.m. The last time she saw him he was in B.H.'s backyard. When she looked at him he left the yard and went up the alley. Between 7:00 and 7:15 p.m. B.H. came to her mother on the porch and told her that the "bad man" her mother had chased away earlier had done "bad things" to her. She advised her mother that the man had licked her. She told two police officers the same thing.

At trial, B.H. testified that she went into the basement of the house with defendant

---

1. The 1993 version of the statute under which defendant was convicted no longer exists. That crime is now defined under § 566.062 entitled Statutory Sodomy in the First Degree.

"because when it was morning he told me how to tie" string. She testified that in the basement defendant pulled down her pants and underwear and "licked [her] private". A neighbor girl testified that before B.H. told her mother about the incident she told the neighbor girl that "the man touched her". The neighbor girl testified that B.H. said the man touched her with his mouth. At an earlier deposition she stated that B.H. told her the man touched her with his hands.

The defendant was arrested the next day when he was found sitting in a chair in B.H.'s backyard and was apprehended by B.H.'s mother and some neighbors. That afternoon B.H., her mother, the neighbor, the neighbor's child, and another neighbor all identified defendant in a lineup.

■ Defendant first challenges the sufficiency of the evidence to support the conviction. He premises this attack on the "corroboration rule". *State v. Hunter*, 939 S.W.2d 542 (Mo.App. E.D. 1997). Normally in sexual abuse cases the victim's testimony will sustain a conviction even in the absence of corroborating evidence. *Id.* at p. 545. The much maligned exception provides that when the victim's testimony is of a contradictory nature or, when applied to the admitted facts of the case, the testimony is not convincing and leaves the court's mind clouded with doubt, there must be corroboration or the judgment cannot be sustained. *State v. Baldwin,* 571 S.W.2d 236 (Mo.banc 1978).

■ The bases for the defendant's contention that the corroboration exception applies involve alleged discrepancies between B.H.'s testimony and that of other witnesses. The corroboration requirement does not apply where the inconsistency or contradiction is between the testimony of the victim and that of other witnesses. *State v. Gardner,* 849 S.W.2d 602 (Mo.App.1993)[2]. There was no inconsistency or contradiction in B.H.'s testimony. The corroboration rule is not applicable. The evidence was sufficient to support the verdict.

■ Defendant next contends that the trial court erred in sentencing him as a prior and persistent offender under § 558.019 RSMo 1993. This is based on the language of the statute which states:

2. The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo., and any felonies that have been in any manner enhanced by operation of law to class A or B felonies for the purpose of sentencing. (Emphasis added)

The minimum prison term provisions under § 558.019 apply in three situations: (1) with a class A or B felony in one of the applicable sections; (2) with a "dangerous felony" as that term is defined in § 556.061; and (3) with a felony that has been enhanced by operation of law to an A or B felony for purposes of sentencing. Section 566.060 RSMo 1993 under which defendant was convicted provides:

**Sodomy.**—1. A person commits the crime of sodomy if he has deviate sexual intercourse with another person without that person's consent by the use of forcible compulsion.

2. Forcible sodomy or an attempt to commit forcible sodomy as described in subsection 1 of this section *or sodomy as described in subsection 3 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years,* unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to deviate sexual intercourse or sexual intercourse with more than one person, in which cases forcible sodomy or an attempt to commit forcible sodomy is a class A felony.

3. A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old. (Emphasis added)

Defendant was convicted of sodomy under subsection 3, not forcible sodomy under sub-

section 1. Subsection 2 sets out the punishment for violation of subsection 3 but does not classify the crime as an A or B felony. Defendant's crime was unclassified. *State v. Davis,* 867 S.W.2d 539 (Mo.App.1993)[2]. Section 556.061(8) defines "dangerous felony" and includes forcible sodomy but not non-forcible sodomy. Defendant's crime was not a dangerous felony.

 We turn to the question of whether defendant was convicted of a felony that has been enhanced by operation of law to an A or B felony for purposes of sentencing. Section 557.021.3 provides:

> For the purpose of applying the extended term provisions of section 558.016 RSMo, and the minimum prison term provisions of section 558.019 RSMo and for determining the penalty for attempts and conspiracies, offenses defined outside of this code shall be classified as follows:
>
> (1) If the offense is a felony:
>
> (a) It is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more. . . .

In *State v. Davis, supra,* the court dealt with a rape statute very similar to the sodomy statute involved here. See § 566.030 RSMo 1992. The court held that § 557.021.3 applied to classify the unclassified felony of rape as a class A felony for purposes of sentence enhancement under §§ 558.016 and 558.019. The court relied upon *Weeks v. State,* 785 S.W.2d 331 (Mo.App.1990)[5,6] and *Wescott v. State* 731 S.W.2d 326 (Mo.App. 1987) ftnt. 6, and concluded that for purposes of sentencing defendant as a persistent offender, the unclassified felony rape conviction constitutes a "class A" felony under § 557.021.3(1)(a). As to defendant's sentence in this case, the rape statute dealt with in *Davis* is indistinguishable from the sodomy statute here. Both provide for a punishment of up to life imprisonment and § 557.021.3(1)(a) makes unclassified felonies carrying that punishment class A felonies for purposes of sentence enhancement. Defendant was properly sentenced as a prior and persistent offender.

Defendant's final two points deal with denial of his Rule 29.15 motion without an evidentiary hearing. We have reviewed the allegations of defendant's motion and findings of fact of the motion court. The findings of fact are not clearly erroneous, no error of law appears and a written opinion on those points would have no precedential value. The judgment on those points is affirmed pursuant to Rule 84.16(b).

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.