OPINION FILED: August 28, 2018 Motion for Rehearing and/or Transfer to Supreme Court Denied September 25, 2018 Application for Transfer Denied December 4, 2018
Cynthia L. Martin, Judge *579 Timothy Libertus ("Libertus") appeals the sentences imposed for his convictions of forcible sodomy and forcible rape. Libertus argues that the sentences exceed those authorized by law. Finding no error, we affirm.
Factual and Procedural Background
Libertus was convicted on November 5, 2015 of the unclassified felony of forcible sodomy, section 566.060,[1] the class D felony of unlawful use of a weapon, section 571.030, and the unclassified felony of forcible rape, section 566.030. The victim, D.L., was Libertus's wife. Libertus was sentenced to 100 years imprisonment for forcible sodomy, a concurrent term of 3 years imprisonment for unlawful use of a weapon, and a consecutive term of 100 years imprisonment for forcible rape.
Libertus appealed his convictions and sentences to this Court. State v. Libertus , 496 S.W.3d 623 (Mo. App. W.D. 2016) (" Libertus I "). The details of Libertus's crimes are recounted in Libertus I , and need not be repeated here. Id. at 625-26. Libertus's convictions were affirmed. Id. at 630. However, we held that when the trial court sentenced Libertus, it found him to be a dangerous offender without following the required procedures for doing so. Id. at 627-630. We therefore reversed Libertus's sentences, and remanded the matter for resentencing. Id. at 634.[2]
On remand, the trial court again sentenced Libertus to 100 years imprisonment for forcible sodomy, a concurrent term of 3 years imprisonment for unlawful use of a weapon, and a consecutive term of 100 years imprisonment for forcible rape.
Analysis
Libertus argues on appeal that the trial court exceeded its authority and committed plain error because the imposition of consecutive 100 year sentences for Libertus's unclassified felony convictions will effectively incarcerate Libertus for life without the possibility of parole, when that sentence is only authorized where the victim of forcible rape or forcible sodomy is a child under the age of twelve. "Although [Libertus] failed to preserve th[is] issue for appeal by not objecting at the sentencing hearing, being sentenced to a punishment greater than the maximum sentence for an offense constitutes manifest injustice or miscarriage of justice meriting plain error review." State v. Hardin , 429 S.W.3d 417, 419 (Mo. banc 2014) (citing Rule 30.20; State v. Severe , 307 S.W.3d 640, 642 (Mo. banc 2010) ).
*580 Forcible rape pursuant to section 566.030 and forcible sodomy pursuant to section 566.060 are unclassified felonies, as the statutes describing the offenses do not designate them as class A, B, C, or D felonies pursuant to section 557.016.1.[3] Because the offenses of forcible rape and forcible sodomy are unclassified, the authorized terms of imprisonment for classified felonies described in section 558.011 do not apply. Instead, the authorized terms of imprisonment for forcible rape and forcible sodomy are described in section 566.030 and section 566.060.
Relevant to sentencing, section 566.030 RSMo Cum. Supp. 2009 provides:
2. Forcible rape or an attempt to commit forcible rape is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless:
(1) In the course thereof the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than fifteen years;
(2) The victim is a child less than twelve years of age, in which case the required term of imprisonment is life imprisonment without eligibility for probation or parole until the defendant has served not less than thirty years of such sentence or unless the defendant has reached the age of seventy-five years and has served at least fifteen years of such sentence, unless such forcible rape is described under subdivision (3) of this subsection; or
(3) The victim is a child less than twelve years of age and such forcible rape was outrageously or wantonly vile, horrible or inhumane, in that it involved torture or depravity of mind, in which case, the required term of imprisonment is life imprisonment without eligibility for probation, parole, or conditional release.
3. Subsection 4 of section 558.019, RSMo, shall not apply to the sentence of a person who has pleaded guilty to or has been found guilty of forcible rape when the victim is under the age of twelve, and "life imprisonment " shall mean imprisonment for the duration of a person's natural life for the purposes of this section.
(Emphasis in original.) Section 566.060 RSMo Cum. Supp. 2009 authorizes an identical sentencing scheme for forcible sodomy.
Section 566.030.2, section 566.030.2(1), section 566.060.2 and section 566.060.2(1) thus authorize a term of imprisonment of either life imprisonment (defined by section 558.019 as thirty years for parole eligibility purposes) or a term of years not less than either five or fifteen years, where the victim is twelve years of age or older. And section 566.030.2(2) and (3), and section 566.060.2(2) and (3) require a term of imprisonment of life imprisonment without eligibility for probation or parole where the victim is less than twelve years of age, with "life imprisonment" defined as the duration of a person's natural life, and with the possibility that the offender may be considered for release based on the offender's age and number of years served, depending on the severity of the offender's conduct.
*581 Because Libertus's victim was not less than twelve years of age, he was subject to the authorized sentences of either life imprisonment (defined by section 558.019 as thirty years for parole eligibility purposes) or a term of imprisonment not less than either five or fifteen years, depending on the severity of his conduct. Section 566.030.2 and .2(1); section 566.060.2 and .2(1).[4] The trial court did not impose a life sentence for Libertus's offenses of forcible rape and forcible sodomy. Instead, the trial court imposed sentences for a term of years, specifically a 100 year sentence for each offense, to be served consecutively.
Libertus complains that the effect of imposing consecutive 100 year sentences was to impose consecutive life sentences without the possibility of probation or parole, with life sentence defined as the duration of his natural life, even though that sentence is only authorized by section 566.030.2(3) and 566.060.2(3) where the victim is less than twelve years of age and the offender's conduct is particularly outrageous or vile. Libertus argues that read as a whole, sections 566.030.2 and 566.060.2 authorize progressively more onerous sentences commensurate with progressively more onerous conduct, and that this requires us to construe the phrase "for a term of years not less than five (or fifteen) years" to include an unexpressed maximum of thirty years. Otherwise, as Libertus's argues, an offender with an adult victim can receive a sentence for a term of years that is greater in its effect than the maximum sentence that must be imposed where the victim is younger than twelve years of age.
"In analyzing a criminal statute, this Court determines the legislature's intent from the language of the statute, and gives effect to that intent." State v. Graham , 149 S.W.3d 465, 467 (Mo. App. E.D. 2004). "We examine the language in the statute according to its plain and ordinary meaning." Id. " 'Where the statutory language is unambiguous, we need not resort to statutory construction and must give effect to the statute as written.' " Id. (quoting State v. Daniel , 103 S.W.3d 822, 826 (Mo. App. W.D. 2003) ).
Employing these fundamental tenets of statutory construction, the Supreme Court considered and rejected the argument raised by Libertus in Hardin , 429 S.W.3d 417. Hardin was sentenced to a 50-year term of imprisonment for forcible rape under the same version of section 566.030.2 in effect at the time of Libertus's offenses. Hardin , 429 S.W.3d at 419. Hardin argued that the sentence exceeded the authorized maximum sentence for his offense because the phrase "for a term of years not less than five years" should be read to authorize a range of punishment from five years to thirty years. Id. Our Supreme Court held:
Section 566.030.2 authorizes a sentence of "life imprisonment or a term of years not less than five years." The two phrases describing the authorized term of imprisonment-"life imprisonment" and "a term of years not less than five years"-are separated by the word "or." The plain and ordinary meaning of "or" is disjunctive, and its use indicates the legislature's intent that sentencing courts may sentence defendants to either life *582 imprisonment or a term of years not less than five years.
Id. (emphasis in original).
The Court rejected Hardin's argument that this reading of section 566.030.2 rendered the phrase "life imprisonment" meaningless. Id. at 420. The Court noted that although certain term of years' sentences could equate to a life sentence, that "is not true with every sentence of a term of years not less than five years." Id. In addition, "[a] life sentence and a sentence of a term of years also have different consequences for parole." Id. "Under section 558.019.4, RSMo 2000, for parole purposes, a life sentence is calculated to be 30 years, while any sentence greater than 75 years is calculated to be 75 years." Id. "Regardless, the plain and ordinary meaning of the statute indicates that the legislature intended to give sentencing courts two options-life imprisonment or an unlimited term of years not less than five years-and this plain meaning is supported by the differences between the two options." Id. In short, section 566.030.2 "unambiguously authorizes a life sentence or a sentence of an unlimited term of years not less than five years." Id. at 421.
We are bound by the holding in Hardin which addressed section 566.030.2, and is equally applicable to section 566.060.2. As the Supreme Court noted in Hardin , had "the legislature intended to authorize a sentence of a limited term of years, it could have done so." 429 S.W.3d at 420. In fact, the legislative history of sections 566.030 and 566.060 reveals that in 1993, section 566.030 was amended to change the authorized term of imprisonment for the unclassified offense of forcible rape from "life imprisonment or a term of years not less than five years" to "life imprisonment or a term of years not less than five years and not greater than thirty years ." Section 566.030.2 RSMo Cum. Supp. 1993 (emphasis added). At the same time, the authorized term of imprisonment for sodomy or forcible sodomy remained "life imprisonment or a term of years not less than five years." Section 566.060.2 RSMo Cum. Supp. 1993. In 1994, section 566.030.2 was again amended to delete the phrase "and not greater than thirty years," realigning the authorized sentence for forcible rape with that for forcible sodomy-"life imprisonment or a term of years not less than five years." See section 566.030.2 RSMo. 1994 and section 566.060.2 RSMO 1994. "A statute as amended should be construed on the theory that the lawmaker intended to accomplish something by the amendment." Wigand v. State Dept. of Public Health and Welfare , 454 S.W.2d 951, 956 (Mo. App. St. L. Dist. 1970). In addition, "[a] statute as amended should be construed on the theory ... that the legislature had in mind the construction placed upon it by the appellate courts of the state prior to the amendment." Id.
It is thus relevant that in State v. Davis , 867 S.W.2d 539, 542 (Mo. App. W.D. 1993), this court considered section 566.030.2 RSMo Cum. Supp. 1992, which authorized a term of imprisonment for forcible rape of "life imprisonment or a term of years not less than five years," and rejected the argument that the maximum sentence authorized by the statute was a term of thirty years. In so holding, Davis noted that by an amendment effective August 28, 1993 that was not applicable to Davis's case (referring to section 566.030.2 RSMo Cum. Supp. 1993), the Missouri legislature changed the penalty for forcible rape to "life imprisonment or a term of years not less than five years and not greater than thirty years." Id. Davis characterized the amendment as intended to address the "logical discrepancy" argued by Davis. Id.
*583 We cannot ignore that in 1993, the legislature added a thirty year maximum term of years to section 566.030.2, and that in 1994, following Davis , the legislature removed reference to a maximum term of years that could be imposed. Through the 1993 and 1994 amendments to section 566.030, the legislature demonstrated both that it knows how to authorize a sentence of a limited number of years, and that it knows the effect of removing that limit.
We conclude, therefore, as our Supreme Court did in Hardin , that a sentencing court is unambiguously authorized by sections 566.030.2 and 566.060.2 to impose sentences for forcible rape or forcible sodomy where the victim is twelve years of age or older that are equivalent to, or greater than, the sentence that must be imposed where a victim is less than twelve years of age. Any perceived inequity is ameliorated by section 558.019.4 which, as Hardin noted, calculates any sentence greater than 75 years as a 75 year sentence for purposes of probation and parole.[5] Hardin , 429 S.W.3d at 420.
All concur
Libertus's convictions arose out of offenses that occurred on June 24, 2013. Unless otherwise noted, all statutory references are to the version of the referenced statute in effect as of June 24, 2013.
Libertus had argued that because he was sentenced as a dangerous offender pursuant to section 558.016, the sentences imposed for his unclassified felony convictions had to align with the enhanced sentences authorized by section 558.016-sentences that are shorter than those actually imposed, according to Libertus. Libertus I , 496 S.W.3d at 627. We did not resolve this issue, and instead found that Libertus was erroneously characterized by the trial court as a dangerous offender, rendering section 558.016 immaterial to his sentencing. Id. at 627-30.
An amendment to section 557.016 in 2014, effective January 1, 2017, added a fifth classification, class E.
It is not clear from the record under which provisions the trial court sentenced Libertus. However, the sentences imposed for Libertus's forcible rape and forcible sodomy convictions would have been authorized under any of these provisions. It is immaterial to the issue on appeal whether Libertus was subject to a five or to a fifteen year minimum term of imprisonment.
Not at issue in this case is whether the offenses of forcible rape and forcible sodomy are subject to enhancement for persistent or dangerous offenders pursuant to section 558.016, and if so, whether that creates an incongruity, as the enhanced sentences authorized in section 558.016.7 are lower than the authorized sentences described in sections 556.030.2 and 566.030.2. We do not address, but merely highlight, this issue.