

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| ANTONIO D. WEST, | ) | |
| | ) | |
| Appellant, | ) | **WD83013** |
| v. | ) | **(Consolidated with WD83014)** |
| | ) | |
| | ) | **OPINION FILED:** |
| STATE OF MISSOURI, | ) | **August 25, 2020** |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
**The Honorable James W. Van Amburg, Judge**

**Before Division One:** Thomas H. Newton, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Mr. Antonio D. West ("West") appeals from the judgment of the Circuit Court of Platte

County, Missouri ("motion court"), denying, after an evidentiary hearing, his Rule 29.15 amended

motion for post-conviction relief, based on ineffective assistance of trial and appellate counsel.

We affirm.

**Factual and Procedural Background**[1]

In the underlying criminal case, West was charged in the Circuit Court of Platte County,

Missouri, with stealing in two separate cases. In the first case (Case No. 15AE-CR00141-01),

---

[1] On appeal from the motion court's denial of a Rule 29.15 motion, we view the facts in the light most favorable to the verdict and judgment. *McFadden v. State*, 553 S.W.3d 289, 296 n.2 (Mo. banc 2018).

West was charged with committing the class D felony of stealing for appropriating Sony Bluetooth speakers from Target on January 20, 2015. In the second case (Case No. 15AE-CR00642-01), West was charged with committing the class D felony of stealing for appropriating a speaker from Walmart on March 17, 2015.

In each case, the State alleged that within ten years of the charged offense, West had pleaded guilty on two separate occasions to stealing-related offenses: on October 19, 2014, in the Circuit Court of Platte County, Missouri, in Case No. 12AE-CR02824-01, he pleaded guilty to stealing for events that occurred on July 7, 2012; and on August 12, 2005, in the District Court of Johnson County, Kansas, in Case No. 05CR1284, he pleaded guilty to attempted felony theft for events that occurred on May 5, 2005. The State further alleged that West was a prior offender and a persistent offender under section 558.016 in that he pleaded guilty to two or more felonies committed at different times: on April 19, 2012, in the Circuit Court of Jackson County, Missouri, in Case No. 1116-CR04334-01, he pleaded guilty to the class C felony of burglary in the second degree for events that occurred on October 5, 2011; and on April 18, 2007, in the Circuit Court of Jackson County, Missouri, in Case No. 0516-CR02874-01, he pleaded guilty to the class C felony of stealing for events that occurred on March 5, 2005.

The State moved the trial court to join the cases under Rule 23.05. West did not object to the State's motion, and the trial court consolidated the cases for trial. Prior to trial, the trial court entered its order finding West was a prior and persistent offender as alleged in the information. After a jury trial, West was found guilty as charged in both cases. The trial court later imposed consecutive five-year sentences for each offense. West appealed his convictions, and this court affirmed. *State v. West*, 541 S.W.3d 635 (Mo. App. W.D. 2017).

West filed a *pro se* Rule 29.15 motion for post-conviction relief in each of the consolidated cases, and appointed counsel timely filed an amended motion. The amended motion asserted two grounds for vacating West's convictions and sentences: West contends that both trial and appellate counsel provided constitutionally ineffective services by failing to argue on his behalf at trial and on appeal that the State failed to prove the elements of stealing, third offense, because one of the two prior convictions submitted by the State as an element of the case did not qualify as a "stealing-related offense" contemplated by section 570.040.[2] The motion court conducted an evidentiary hearing and later entered its judgment denying West's post-conviction motion.

West timely appealed.

## Standard of Review

Appellate review of a judgment denying a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k).[3] "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019) (internal quotation marks omitted).

## Analysis

West asserts two points on appeal. First, he contends that the motion court erred in denying him post-conviction relief because trial counsel was ineffective for failing to raise in his motion for new trial the claim that the State failed to prove the elements of stealing, third offense, in that his prior conviction for "attempted theft" does not qualify as a "stealing-related" offense from section 570.040.2. Second, he argues that the motion court erred in denying him post-conviction

---

[2] All statutory references are to the REVISED STATUTES OF MISSOURI 2000, as updated through the 2014 Noncumulative Supplement. Section 570.040 was repealed by L. 2014, S.B. No. 491, § A, effective January 1, 2017.

[3] All rule references are to I MISSOURI COURT RULES – STATE 2020.

relief because appellate counsel was also ineffective for failing to raise this issue in his direct appeal. Because the points are related, we will address them together.

To convict West of stealing, third offense, under section 570.040, the State bore the burden to prove that West had committed the instant charged offense and "previously pled guilty to or been found guilty of two stealing-related offenses committed on two separate occasions where such offenses occurred within ten years of the date of occurrence of the present offense[.]" § 570.040.1. "Evidence of prior guilty pleas or findings of guilt shall be heard by the court, out of the hearing of the jury, prior to the submission of the case to the jury, and the court shall determine the existence of the prior guilty pleas or findings of guilt." § 570.040.3. A "stealing-related offense" is defined in section 570.040.2:

> As used in this section, the term **"stealing-related offense"** shall include federal and state violations of criminal statutes against stealing, robbery, or buying or receiving stolen property and shall also include municipal ordinances against same if the defendant was either represented by counsel or knowingly waived counsel in writing and the judge accepting the plea or making the findings was a licensed attorney at the time of the court proceedings.

In both of the underlying criminal cases, the Information in Lieu of Indictment alleged that West previously pleaded guilty on two or more separate occasions to a stealing-related offense for events that occurred within ten years of the offense with which he was charged, specifically:

> On or about October 19, 2014 in the Circuit Court of Platte County, Missouri, the defendant pleaded guilty to stealing in Case No. 12AE-CR02824-01 for events which occurred on July 7, 2012; and

> On or about August 12, 2005, in the District Court of Johnson County, Kansas, the defendant pleaded guilty to attempted felony theft in Case No. 05CR1284 for events which occurred on May 5, 2005.

4

Defense counsel did not object during a pre-trial hearing when the State introduced evidence of West's two prior guilty pleas supporting the felony stealing charge.[4] On appeal, it is the attempted felony theft prior offense that West submits is not a "stealing-related" conviction.

"In analyzing a criminal statute, this Court determines the legislature's intent from the language of the statute, and gives effect to that intent." *State v. Libertus*, 560 S.W.3d 578, 581 (Mo. App. W.D. 2018) (internal quotation marks omitted). "We examine the language in the statute according to its plain and ordinary meaning." *Id.* (internal quotation marks omitted). "Where the statutory language is unambiguous, we need not resort to statutory construction and must give effect to the statute as written." *Id.* (internal quotation marks omitted). "'A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result.'" *State v. Gilmore*, 508 S.W.3d 132, 135 (Mo. App. S.D. 2016) (quoting *Akins v. Dir. of Revenue*, 303 S.W.3d 563, 565 (Mo. banc 2010)). Conversely, "[w]e will not interpret a statute or ordinance so as to reach an absurd result contrary to its clear purpose." *Leiser v. City of Wildwood*, 59 S.W.3d 597, 604 (Mo. App. E.D. 2001) (citing *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998)). "A statute's provisions must be construed and

---

[4] The Kansas conviction, certified by the Johnson County District Court Clerk, was introduced into evidence by the State. Ex. 3. The attached amended complaint charged that on May 5, 2005, West:

> unlawfully, feloniously and willfully commit[ted] an overt act, to-wit: enter a 1985 Chevy Monte Carlo, toward the perpetration of the crime of theft, as defined by K.S.A. 21-3701, which is to unlawfully, feloniously and willfully obtain or exert unauthorized control over property, to-wit: a 1985 Chevy Monte Carlo, with the intention to permanently deprive the owner . . . of the possession, use or benefit of the property . . . with the intention to commit said crime but was prevented or intercepted in the execution thereof, a severity level 10 non-person felony, in violation of K.S.A. 21-3301, K.S.A. 21-4704 and K.S.A. 21-4707.

The judgment reflected West's conviction for attempted felony theft in violation of K.S.A. 21-3701 ("**Theft**. (a) Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property: (1) Obtaining or exerting unauthorized control over property[.]") and K.S.A. 21-3301 ("**Attempt.** (a) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.").

considered together and, if possible, all provisions must be harmonized and every clause given some meaning." *Gilmore*, 508 S.W.3d at 135 (internal quotation marks omitted).

A person commits the offense of stealing when that person "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." § 570.030.1(1). As defined in section 570.040.2, the term "stealing-related offense" includes "federal and **state violations of criminal statutes against stealing**, robbery, or buying or receiving stolen property." (Emphasis added.) An attempt to commit a charged offense is a lesser-included offense of the charged offense. § 556.046.1(3); *see also State v. Messa*, 914 S.W.2d 53, 54 (Mo. App. W.D. 1996).[5]

To suggest that having the purpose to appropriate another's property without consent or by means of deceit or coercion *and* taking a substantial step toward such criminal enterprise does not constitute a criminal violation "related" to stealing is absurd and illogical. The clear purpose of the legislature in enacting section 570.040 was to impose enhanced punishment on offenders who purposely act to commit the act of stealing and engage in conduct designed to complete the commission of that crime. And a plain reading of section 570.040 clearly attaches consequences to offenders who intended to steal, committed a substantial act to complete the crime of stealing, yet failed to accomplish the crime, perhaps by some reason beyond their control and certainly against their wishes. We conclude that the plain meaning of section 570.040.2 is clear and unambiguous: the crimes of "stealing" and "attempted stealing" are both "stealing-related offense[s]."

---

[5] At the time of West's prosecution, "attempt" to commit a crime was codified at section 564.011.1, and required two elements: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999) (modified on other grounds by *State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015)); *see also State v. Ransburg*, 504 S.W.3d 721, 723 (Mo. banc 2016).

"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence his or her trial counsel failed to meet the *Strickland* test to prove his or her claims." *Shockley*, 579 S.W.3d at 892 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Under *Strickland*, Movant must demonstrate: (1) trial counsel failed to exercise the level of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure." *Id*. (citing *Strickland*, 466 U.S. at 687). "Movant must overcome the strong presumption trial counsel's conduct was reasonable and effective." *Id*. "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. (internal quotation marks omitted). "Prejudice occurs when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

Trial counsel testified during the post-conviction evidentiary hearing that he was familiar with section 570.040 and the elements required to prove stealing, third offense. He stated that he conducted legal research and "believe[d] that legally within the definition of 'stealing related offense' that attempted stealing fit under [section 570.040]." He further testified that, based upon his reading of section 570.040, he did not believe there was a valid legal reason to argue that the "attempted felony theft" conviction did not qualify as a "stealing-related offense" under the statute.

The motion court found that trial counsel provided West with professional and effective representation in both cases. Trial counsel "analyzed the prior offenses used for enhancement, and in his professional opinion, they legally met the requirements to enhance [West's] case to a felony. After his legal analysis, he concluded the Johnson County, Kansas attempted stealing prior was a

'stealing-related' offense." Thus, the motion court concluded that West's claim of ineffective assistance of trial counsel was without merit.

Based upon our conclusion that the crime of attempted stealing is a "stealing-related offense," an insufficiency-of-the-evidence claim would not have provided West with a basis for a new trial. The motion court did not clearly err in concluding that trial counsel's conduct was reasonable and was not constitutionally deficient.

"The standard for reviewing a claim of ineffective appellate counsel is essentially the same as that employed with trial counsel; movant is expected to show both a breach of duty and resulting prejudice." *Hosier v. State*, 593 S.W.3d 75, 87 (Mo. banc 2019) (internal quotation marks omitted). "To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017) (internal quotation marks omitted). "There is no duty to raise every possible issue asserted in the motion for new trial on appeal, and no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments." *Hosier*, 593 S.W.3d at 87 (internal quotation marks omitted). And, failure to raise "an unpreserved claim of error . . . will rarely be determined to be ineffective by appellate counsel." *Goodwater v. State*, 560 S.W.3d 44, 57 (Mo. App. W.D. 2018).

West's direct-appeal counsel testified that she raised two claims in West's direct appeal that she believed had the best chance at success on appeal: She argued in West's direct appeal that (1) the trial court erred in admitting evidence of other crimes; and (2) the trial court erred by failing to make an express finding on the record that West had pleaded guilty to or had been found guilty of any prior stealing-related offenses.

The motion court concluded that "appellate counsel properly observed the issues on appeal and challenged those that she thought were worthy of challenging." The motion court further concluded that West was not prejudiced by appellate counsel not raising on direct appeal that the prior used by the State to enhance West's case to felony stealing did not meet the criteria to make him eligible for felony prosecution under stealing, third offense, because "the attempted felony stealing prior from the District Court of Johnson County, Kansas is a 'stealing-related offense' against stealing." The motion court concluded that West's claim of ineffective assistance of appellate counsel was without merit.

Appellate counsel testified that it was her appellate strategy to focus on trial court error in admitting evidence of other crimes. "'Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance.'" *Weinert v. State*, 593 S.W.3d 666, 670-71 (Mo. App. E.D. 2020) (quoting *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)). "Appellate counsel can strategically decide to 'winnow out' non-frivolous arguments in favor of other reasonable arguments." *Id*. at 671. And, based upon our conclusion that the crime of attempted stealing is a "stealing-related offense," a claim on appeal asserting insufficiency of the evidence to make a third offense stealing case based on the argument that the attempted felony stealing prior was not a "stealing-related offense" would have been frivolous. "'[A]ppellate counsel cannot be deemed ineffective for failing to raise a nonmeritorious claim.'" *Proby v. State*, 582 S.W.3d 170, 175 (Mo. App. S.D. 2019) (quoting *Joyner v. State*, 421 S.W.3d 580, 582 (Mo. App. E.D. 2014)). The motion court did not clearly err in concluding that appellate counsel's conduct was reasonable and was not constitutionally deficient.

Having concluded that West's trial counsel and appellate counsel each performed in a reasonably competent and professional manner and that West failed to make the required showing

9

of constitutionally deficient performance by either counsel, we need not consider the *Strickland* prejudice prong. *Strickland*, 466 U.S. at 700.

Points I and II are denied.

## Conclusion

Because the findings and conclusions of the motion court are not clearly erroneous, we affirm.

/s/ *Mark D. Pfeiffer*
Mark D. Pfeiffer, Judge

Thomas H. Newton, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.